# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| ANDRIQUE SMITH, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | CV617-047 |
| | ) | CR608-030 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

After a careful *de novo* review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed. None of Smith's objections carry weight.

As an initial matter, movant cites no binding, *Eleventh Circuit* authority having any effect on the R&R, but instead invokes Fifth and Seventh Circuit case law to argue that his four prior drug convictions are somehow affected by *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243 (2016). Doc. 89 at 1-2 (citing (apparently, as he provides only last names and not citations) to *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) (utilizing *Mathis* to evaluate prior conviction) & *Holt v. United States*, 843

F.3d 720 (7th Cir. 2016) (same)). He offers no argument explaining how, precisely, these cases prove his point. *See Bennet v. United States*, 2013 WL 5406653 (S.D. Ga. Sept. 25, 2013) ("Merely mentioning a legal doctrine, however, is not enough. Rather, [movant] must show *how* it applies, and he does not. So, [it] is abandoned."). Even so, neither case has any bearing on Smith's sentence.

*Mathis* doesn't directly affect his sentence in any way; it simply clarifies the existing "divisible" / "indivisible" statutory analytical framework for assessing sentence-enhancing predicate convictions. Doc. 87 at 1-3; *see, e.g., United States v. Driver*, 663 F. App'x 915, 918 (11th Cir. 2017); *United States v. White*, 837 F.3d 1225, 1235 n. 13 (11th Cir. 2016); *United States v. Gundy*, 842 F.3d 1156, 1161-62 (11th Cir. 2016). A framework already long in place by the time Smith was sentenced. *See Taylor v. United States*, 495 U.S. 575 (2009); *Descamps v. United States*, 133 S. C.t. 2276 (2013); *see also Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("*Descamps* did not announce a new rule -- its holding merely clarified existing precedent.").

Thus, Smith is untimely. He failed to raise a claim within the one-year limitations period set forth in 28 U.S.C. § 2255(f)(1), *see* docs. 67

(judgment entered in September 2009) & 74 (judgment affirmed on appeal in June 2010), and has not shown any "right . . . newly recognized" by the Supreme Court to provide the basis for an extended § 2255(f)(3) deadline. *See, e.g., Davis v. United States*, 2017 WL 1362795 at *4 (S.D. Ga. Mar. 16, 2017); *see also Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce [any constitutional] rule; it is a case of statutory interpretation."); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (movant "failed to make a *prima facie* showing that *Mathis* . . . set forth new rules of constitutional law.").

Smith was sentenced pursuant to the Sentencing Guidelines (Presentence Investigative Report at ¶ 27). As set forth in the R&R, the only *retroactive* decision that could possibly offer relief on an enhanced sentence would be *Johnson*. Doc. 87 at 2-3; *see generally Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015) (made retroactive by *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016)). And *Johnson* does not apply to the Sentencing Guidelines.[1] Doc. 87 at 2-3; *see Beckles v.*

---

1 Moreover, as the Government correctly notes,

Smith clearly continues to qualify as a career offender under the Sentencing Guidelines, even after *Mathis*. He has *seven* qualifying predicates ([PSR] ¶ 27, 37, 39, 41-44, 48), well in excess of the two needed, *see* U.S.S.G. § 4B1.1(a)(2), including four "controlled substance offense[s]," U.S.S.G. § 4B1.2(b), for which there is no viable or even conceivable *Mathis* claim.

*United States*, ___ U.S. ___, 2017 WL 855781 (Mar. 6, 2017); *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015). Because he has *no possible claim* for relief, his request for appointment of counsel was also properly denied. *Id.* at 3. Accordingly, the R&R is **ADOPTED**, and this case is **DISMISSED** with prejudice.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the R&R, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482–84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[2] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in

---

Doc. 90 at 7.

2 "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

good faith. Accordingly, petitioner is not entitled to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of May, 2017.

_____
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Rule 11(a) to the Rules Governing Section 2255 Proceedings.